**NEWBAY CORPORATION et al.**

v.

**James J. MALACHOWSKI et al.**

**No. 91–506–Appeal.**

Supreme Court of Rhode Island.

Dec. 9, 1991.

Robert Pitassi, Licht & Semonoff, Gregory Benik, Gerald Petros, Hinckley, Allen, Snyder & Comen, Providence, for plaintiffs.

Adrienne Southgate, Public Utilities Com'n, Robert Flanders, Jr., Daniel Schatz, Neal McNamara, Flandes & Medeiros, Providence, for defendants.

## OPINION

PER CURIAM.

■ This case came before a hearing panel of this court pursuant to an order that had directed the parties to appear on the motion calendar November 19, 1991, for oral argument. The issue presented at this hearing was the appropriateness of a Superior Court injunction that prevented the Energy Facility Siting Board (EFSB) from initially determining the question of jurisdiction. We vacate the injunction.

The EFSB has been granted jurisdiction pursuant to G.L.1956 (1988 Reenactment) § 42–98–3(A) over the siting of major energy facilities. This statute provided at the time pertinent to this appeal that a " '[m]ajor energy facility' shall mean facilities for the extraction, production, conversion, and processing of coal; facilities for the generation of electricity *designed or capable of operating at a gross capacity of 80 megawatts or more.*" (Emphasis added.)

It is undisputed that Newbay Corporation (Newbay) plans to construct a facility that would produce energy in the aggregate of less than 80 megawatts. Newbay admits that the capacity would be 79 megawatts. The Blackstone Park Improvement Association alleges in its brief that Newbay's filings before certain state and federal agencies have indicated a gross capacity of 79.9 megawatts. It is obvious that the jurisdictional threshold of EFSB is 80 megawatts, but it is equally obvious that the disparity between the capability admitted by Newbay and this jurisdictional threshold is slight indeed.

■ Newbay argues that the jurisdictional grant to EFSB is entirely dependent upon an application's being filed by the proponent of the erection of such a facility. With this contention we must respectfully disagree. Although the board is granted the authority by § 42–98–7 to be the licensing and permitting authority for such a major facility, EFSB is also clothed with authority under subsections B and C to summon and examine witnesses and "to compel the production and examination of papers * * * documents * * * certificates and other legal evidence that may be necessary for the determination and decision of any question before or the discharge of any duty required by law of the board." It is also empowered to issue orders as may be required to effectuate the purposes of chapter 98 of title 42.

This broad grant of authority in our opinion allows EFSB to make an inquiry in order to determine whether a proposed energy facility comes within its jurisdiction. Otherwise, a firm or enterprise that designed and intended to erect an energy facility of a capacity greatly in excess of 80 megawatts might completely avoid the scrutiny and supervision of EFSB by the simple expedient of not filing an application. We cannot attribute such an intent to the General Assembly. We therefore believe that EFSB was justified in its decision to conduct an investigatory hearing to determine whether Newbay was within its jurisdiction. This was an interlocutory determination by EFSB. It was simply an initial determination to proceed with a jurisdictional investigation. This court has held that judicial review of interlocutory rulings by administrative agencies should be sparingly exercised. *La Petite Auberge, Inc. v. Rhode Island Commission for Human Rights,* 419 A.2d 274, 279 n. 5 (R.I.1980). Numerous courts have held that not only should judicial interference with jurisdictional investigations by administrative agencies be looked upon with disfavor but in some instances judicial aid by way of issuance of a subpoena should not be withheld to assist in such an investigation. *See, e.g., Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); *Endicott Johnson Corp. v. Perkins,* 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943); *EEOC v. Peat, Marwick, Mitchell & Co.,* 775 F.2d 928 (8th Cir.1985), *cert. denied,* 475 U.S. 1046, 106 S.Ct. 1263, 89 L.Ed.2d 572 (1986).

We are persuaded that a jurisdictional investigation by an administrative agency should not be cut off at its inception by a court. It is more appropriate to allow the agency, particularly when there is an arguable basis that jurisdiction might be achieved, to ascertain the facts upon which its jurisdiction or lack of jurisdiction will be based. The administrative agency's determination of jurisdiction may then be reviewed by this court pursuant to § 42–98–12.

Consequently we conclude that the Superior Court was in error in issuing its injunction prohibiting the investigative hearing by EFSB.

For the reasons stated, the injunction issued by the Superior Court is hereby vacated. The papers in the case may be remanded to the Superior Court with directions to dismiss the plaintiffs' complaint. The EFSB is free to conduct its investigation relating to jurisdiction in accordance with chapter 98 of title 42.

MURRAY and SHEA, JJ., did not participate.